IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JENNIFER WAGLEY § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | Civil Action No. | |
| § | | |
| § | | |
| § | | |
| § | Complaint | |
| RETAIL MERCHANTS ASSOCIATION, § | | |
| INCORPORATED § | and; | |
| § | | |
| § | Demand for Jury Trial | |
| § | | |
| § | | |
| Defendant § | | |

## ORIGINAL COMPLAINT

NOW comes the Plaintiff, JENNIFER WAGLEY by and through Counsel, Jonathan Raburn, whom makes the following complaint against the Defendant:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, costs, and attorney's fees brought pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collect Act).

## JURISIDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 and supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. §1367.

3. Venue in this District is appropriate under 28 U.S.C. §1391(d) due to the fact that Defendant is a debt collector that collects debts from consumers in the Middle

Judicial District of Louisiana and thus has the minimum contacts necessary for this District to exercise Jurisdiction over the Defendant.

## PARTIES

4.   Plaintiff, JENNIFER WAGLEY (hereinafter Plaintiff) is a natural person and is a resident and citizen of Louisiana in the United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.   Defendant, RETAIL MERCHANTS ASSCOCIATION, INCORPORATED, (hereinafter Defendants or RETAIL), is a "debt collector", as defined 15 U.S.C §1692a(6) and engages in the business with the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Louisiana and Texas. Furthermore, Defendant is currently conducting business under the names "Credit Bureau of Greater Shreveport", "Credit Bureau of Shreveport" and "Credit Bureau of Louisiana." The "Credit Bureau of Greater Shreveport" Trade Name that is registered with the Secretary of State of Louisiana by RETAIL, but this registration is inactive and expired on August 2, 2009. The "Credit Bureau of Louisiana" is a Trade Name registered with the Secretary of State of Louisiana and was Registered by RETAIL and is Active with the Louisiana Secretary of State. The "Credit Bureau of Shreveport" is not a listed trade name for any company with the Louisiana Secretary of State.

## FACTUAL ALLEGATIONS

6.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7. Defendant is a debt collector as defined by the Fair Debt Collection Practices Act.

8. Defendant is attempting to collect an alleged debt from the Willis Knighton South.

9. Defendant is using the term "Credit Bureau" within their name, expressly stating that they are a credit reporting bureau as defined by 15 USC 1681a(f) and 15 USC 1681a(p)

10. Defendant is not a credit bureau and is in violation of Federal debt collection laws which prohibit a debt collector from using the name credit bureau or implying that they are a credit bureau. The case law on this issue is clear as well. *Please see Byes v. Credit Bureau Enterprises, Inc*., No. CIV. A. 95-239, 1996 WL 99360, at *3 (E.D. La. Mar. 6, 1996)(Without doubt, use of the name Credit Bureau Enterprises suggests that the company operates as a credit reporting agency.); *please also see Byes v. Credit Bureau Enterprises, Inc*., No. CIV. A. 95-239, 1996 WL 99360, at *2 (E.D. La. Mar. 6, 1996)(The cases cited by Byes in support of this claim are readily distinguishable because they involve companies that violated subsection (16) by falsely using the name "credit bureau" when they in fact conducted no credit reporting activities.; please also see *Please see McKenzie v. E.A. Uffman & Assocs., Inc* 119 F.3d 358 (5th Cir. 1997)(collection agency used name, "Collections Department, **Credit Bureau of Baton Rouge**," but neither "operated" nor "was employed by" credit reporting agency)

11. The consumer standard is the "least sophisticated person."

12. On or about May 20, 2015, Defendant mailed a letter to Plaintiff. Their letterhead on this letter clearly states, Credit Bureau of Louisiana. On said letter there was the account number listed 3156950.

13. On or about December 28, 2015 the Plaintiff obtained a copy of her Experian Credit Report and noticed a trade line from the Credit Bureau of Shreveport appearing twice on her Experian Credit Report. Both trade lines were reporting collection accounts from Willis Knighton South that had account numbers listed. One of these account numbers was 3165950.

14. The Defendant does not qualify as credit bureau under 15 USC 1681§a(f), please see below, but the FCRA requires credit bureaus to compile and maintain files on consumers on a nationwide basis, please see 15 USC 1681a(p):

15 USC §1681a(f)

> **(f)** The term "consumer reporting agency means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate consumer for the purpose of preparing or furnishing consumer reports
> and;
> 15 USC §1681a(p) reads:
> **(p) Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis**
> The term "consumer reporting agency that compiles and maintains files on consumers on a national basis means consumer reporting agency that regularly engages in the practice of assembling or evaluating, and maintaining for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:
> (1)Public record information
> (2) Credit account information from persons who furnish that information regularly and in the ordinary course of business

15. The Defendant is violating the prohibition under the FDCPA by using business names other than its own. In fact, it is collecting debts under three different names other

4

than its own. Defendant is collecting under one trade marked name, under one name with an expired trade mark and one name that it has no apparent legal right to according to the Louisiana Secretary of State. Please see 15 USC 1692e (14):

15 USC 1692e (14)

> **(14)** The use of any business, company, or organization name other than the true name of the debt collector's business, company or organization.

16. Defendants are maliciously, willfully, and/or negligently violating the Fair Debt Collection statutes in an attempt to collect Plaintiff's alleged debt. The Defendant is doing this by collecting debts under multiple illegal names that are not its own and by collecting debts under illegal names that are false and misleading.

17. As a result of Defendants conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

18. As a result of Defendants conduct, Plaintiff has suffered actual damages to Plaintiff's great detriment and loss.

19. At all times pertinent hereto, Defendants are acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

20. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

DEMAND FOR JURY TRIAL

21. Plaintiff has attach a copy of the collection letter as Exhibit 1.

22. Plaintiff demands trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1692k;

(b) Statutory damages pursuant to 15 U.S.C. §1692k;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

(d) Such other and further relief as may be necessary, just and proper.

Dated: May 19, 2016

        Respectfully submitted,

        /s/ Jonathan Raburn_____
        Jonathan Raburn
        LA Bar No. 28728
        The Raburn Law Firm
        301 N. Main Street
        Suite 2200
        Baton Rouge, LA 70825